**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul Anthony DAVIS, Defendant–Appellant.**

**No. 01–56614.**

**D.C. Nos. CV–98–01153–JSR, CR–92–00687–JSR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Jan. 16, 2003.

### MEMORANDUM *

Defendant Paul Anthony Davis ("Davis") appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1) and for possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Davis first argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should apply retroactively to his conviction and sentence. Davis contends that under *Apprendi*, he was denied due process of law when the district court enhanced his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1) without first submitting the issue of the prior conviction to the jury. This argument, however, is foreclosed by our recent decision in *United States v. Sanchez–Cervantes*, 282 F.3d 664, 667–68 (9th Cir.2002). There, we held that *Apprendi* does not apply retroactively on collateral review.

■ Next, Davis contends that independent of *Apprendi* it was reversible error to apply the ACCA because the prior convictions necessary for sentencing under the ACCA were not alleged in the indictment or proven to the jury beyond a reasonable doubt. We considered this same argument in *United States v. Tighe*, 266 F.3d 1187, 1191 (9th Cir.2001), and rejected it. In *Tighe*, we held that the three previous convictions for a violent felony or a serious drug offense need not be alleged in a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

felon-in-possession § 924(g) prosecution where the sentence is later imposed under § 924(e)(1). *Id.* at 1191 ("Under the current state of the law, the Constitution does not require prior convictions that increase a statutory penalty to be charged in the indictment and proved before a jury beyond a reasonable doubt."); *see also United States v. Summers,* 268 F.3d 683, 688–89 (9th Cir.2001).

■ *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *Castillo v. United States,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), do not support a contrary result. Recidivism factors have been deemed traditional sentencing enhancements. 526 U.S. at 249, 530 U.S. at 128. Neither case supports Davis' argument that the ACCA is a separate crime with elements that must be proven beyond a reasonable doubt rather than a sentencing enhancement that need not be presented to the jury.

AFFIRMED